# COMMISSIONERS OF YORK COUNTY *against* JACOBS.

### IN ERROR.

Where a defendant indicted for a misdemeanor, is acquitted by the petit jury and the jury does not determine, whether the county, the prosecutor, or the defendant shall pay the costs of prosecution, as they are required to do by the act of the 8th of December, 1804, the costs are not to be paid by the county.

Error to the court of Common Pleas of *York* County, where it was a case stated in the nature of a special verdict, in which *Jacob Jacobs* the defendant, was plaintiff, and the plaintiffs in error, defendants.   The facts agreed on were that one *George Bitner,* at January sessions, 1832, was indicted in the court of quarter sessions of *York* county, for selling unwholesome provisions, and acquitted by the petit jury, who did not determine whether the county, the prosecutor or defendant should pay the costs of prosecution, their verdict being silent on that subject.   The plaintiff was entitled to costs in the case, and the question submitted was, whether the county was liable to pay the costs of prosecution.   The court of

Common Pleas gave judgment for the plaintiff to which the defendants brought this writ of error.

*R. J. Fisher* for the plaintiffs in error, referred to the act of 1791, 3 *Smith*, 44, 281.    4 *Smith*, 205.    2 *Strange*, 1105, 3 *Burr.* 1287. *Agnew v. The Commissioners*, 12 *Serg. & Rawle*, 94. *Irwin* v. *The Commissioners*, 1 *Serg. & Rawle*, 505.    The *Commonwealth* v. *The Commissioners of Philadelphia*, 4 *Serg. & Rawle*, 541.

*Evans* for the defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—The rule of the common law which exacted the costs of prosecution from a prisoner though acquitted, was felt to be a grievance and thought worthy of redress.   Accordingly the thirteenth section of the act of the 23d of September, 1791, provided that "where any person shall be brought before a court, justice of the peace, or other magistrate of any city or county in this commonwealth, having jurisdiction in the case, on the charge of being a run-away servant or slave, or of having committed a crime, and such charge, on examination, shall appear unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to, and paid out of, the county stock by such city or county." This section has no connection with the point before us; and it is barely proper to remark, that it seems to have been the foundation of a practice to charge the county on the termination of a prosecution by *nolle prosequi*, which in turn, was probably the cause of the restriction since put on the power of the attorney general. But it was further enacted by the eleventh section of the same act, "that the costs accruing on all bills returned ignoramus by the grand jury of the city or any county in this commonwealth, shall be paid out of the county stock by the city or county in which the prosecution commenced, and not by the party charged before such grand jury with any felony, breach of the peace, or other indictable offence." And on the 20th of March, 1797, it was still further enacted "that all costs accruing on all bills of indictment found by the grand jury of the city, or any county in this commonwealth, charging a party with any felony, breach of the peace, or other indictable offence, shall, if such party be acquitted by the petit jury on the traverse of the same, be paid out of the county stock by the city or county in which the prosecution commenced." By these three provisions the common law principle was nearly if not entirely changed; and the question is, whether, as regards misdemeanors, the two last have not, in turn, been entirely superceded by the act of the 8th of December, 1804.   The opinion of the court below, seems to have been founded on an expression of the

(Commissioners of York county *v.* Jacobs.)

Chief Justice, in *The Commonwealth* v. *The Commissioners of Philadelphia county*, by which it is said the main object of this last act, was to exempt the county where the grand or petit jury should order the defendant or the prosecutor to pay costs; and hence it was thought to be intimated, that the preceding provisions were intended to be abolished only in the cases specified, all others remaining to be determined by the rule to which they were before subject. The opinion of the Chief Justice, however, is to be understood as being expressed in reference to the particular case before the court, and without a view to its bearing on a case like the present. As the act of 1804, provided a remedy not only inconsistent with the preceding ones, but when adequately administered, fully commensurate to the original mischief, it has consequently left nothing for the preceding remedies to operate upon; and this would seem to be *pro tanto* a virtual repeal of them. The natural presumption being that the courts and juries would do their duty, the legislature had no reason to think the obvious and effectual provisions of the new remedy, would be overlooked, or fail to be applied, without which, a case like the present could not have happened and therefore an intent to reserve the old remedies for cases not otherwise provided for, is not to be presumed inasmuch as the existence of any such, could not have been anticipated. In the preamble which is sometimes a key to the intent, the mischief to be remedied, is far from being supposed to exist, but in specific cases. "Experience has proved," say the legislature, "that the laws obliging the respective counties to pay the costs of prosecution in ALL criminal cases where the accused is ACQUITTED, have a tendency to promote litigation," &c. What is thought to be the natural and appropriate remedy? In all cases of acquittal by the petit jury," it was enacted, "on indictments for the offences aforesaid (misdemeanors) the jury trying the same, SHALL determine by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs of prosecution." The mischief then was in the generality of the principle of liability, and the remedy provided for it was not in declaring specific exceptions, but in an entire change of it by charging the county only where special circumstances should, in the opinion of the jury, render such a charge just and necessary. Without then determining from whom these costs are demandable, or whether they are demandable at all, it is sufficient for the present to say they are not to be paid by the county.

Judgment of the court below reversed, and judgment here for the defendant.